IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT PATRICK RITTER, | Case No. 6:25-cv-02040-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CITY OF FLORENCE, OREGON; CHIEF OF POLICE, FLORENCE CITY POLICE DEPARTMENT; JANE DOE OFFICER, FLORENCE CITY POLICE DEPARTMENT, | |
| Defendants. | |

MCSHANE, Judge:

Plaintiff Robert Patrick Ritter asserts that Defendants violated federal civil rights law and Oregon law by refusing to accept a criminal complaint that he attempted to file. Compl., ECF No. 1-1. Defendants move to dismiss Plaintiff's Complaint, averring that he has two cases pending before this Court arising "out of the same transaction or occurrence" and involving the same parties. Mot. Dismiss 3, ECF No. 3.

Because claim preclusion bars Plaintiff's claims, Defendants' Motion to Dismiss, ECF No. 3, is **GRANTED**.

## BACKGROUND

On September 1, 2025, Plaintiff attempted to file a criminal complaint with the Florence City Police Department. Compl. 1; Snyder Decl. Ex. A, ECF No. 3-1. Plaintiff contends that the Florence City Policy Department refused to accept the complaint. Compl. 1.

On September 29, 2025, Plaintiff filed an action in this Court alleging that the Florence City Police Department, the Chief of Police, and an unnamed "Jane Doe" officer violated his civil rights under 42 U.S.C. § 1983. Snyder Decl. Ex. B; *see also Ritter v. Florence City Police Dep't*, No. 6:25-cv-01767-MC, 2025 WL 3459699, at *1 (D. Or. Dec. 2, 2025). Plaintiff based his claims on "Defendants' refusal to accept and process a criminal complaint involving threats and privacy violations." Snyder Decl. Ex. A 1.

The Court dismissed Plaintiff's first complaint with leave to amend. Snyder Decl. Ex. C 5. Plaintiff filed an amended complaint, which this Court dismissed without leave to amend further because the deficiencies in his pleadings were incurable. *Ritter v. Florence City Police Dep't*, No. 6:25-cv-01767-MC, 2025 WL 3459699, at *3 (D. Or. Dec. 2, 2025).

Also on September 29, 2025, Plaintiff filed this action in Lane County Circuit Court alleging that Defendants "refused to accept a [c]riminal [c]omplaint in violation of Oregon Revised Statutes and Federal Civil Rights laws . . . ." Compl. ¶ 4. Defendants timely removed Plaintiff's Complaint to this Court and filed a 12(b)(6) Motion to Dismiss. Not. Removal, ECF No. 1; Mot. Dismiss.

## **LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow a court to reasonably infer the defendant's liability based on the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). The court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000) (citation omitted). But the factual allegations must present more than "the mere possibility of misconduct . . . ." *Iqbal*,

556 U.S. at 679. And the court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## DISCUSSION

Plaintiff's claims are precluded because he cannot maintain two actions before this Court involving the same parties and identical subject matter.

**I.      Plaintiff's claims are precluded by this Court's final judgment in a prior action**

Plaintiff erred by filing two simultaneous actions arising out of the same purported transaction. Plaintiffs "generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (quoting *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds*, 553 U.S. 880 (2008)). Courts use the test for claim preclusion to "determine when such improper claim-splitting is present . . . ." *Mendoza*, 30 F.4th at 886.

Claim preclusion applies "'whenever there is (1) an identity of claims[;] (2) a final judgment on the merits[;] and (3) privity between parties.'" *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (citation modified)). Plaintiffs cannot relitigate any "grounds of recovery that were asserted, or could have been asserted, in a previous action . . . ." *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019) (quoting *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1077–78).

Plaintiff's two actions involve functionally identical claims. To assess identity of claims, courts evaluate several factors, but the "most important" is "'whether the two suits arise out of the

same transactional nucleus of facts.'" *Howard*, 871 F.3d at 1039 (quoting *Harris v. Cnty of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citation modified)). Plaintiff filed two actions on the same day—one in this Court and one in Lane County Circuit Court—based on Defendants' alleged failure to accept his criminal complaint. Snyder Decl. Ex. B; Compl. The two suits arise out of the same transactional nucleus of facts.

Plaintiff's instant Complaint technically includes a state law claim that did not appear in his prior federal complaint. *See* Snyder Decl. Exs. A–B; Compl. Even assuming Plaintiff's vaguely asserted state law claim has merit, it does not save his Complaint. Plaintiff could have brought state law claims in his first complaint before this Court. *See Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1160 (9th Cir. 2002) (underscoring that preclusion doctrine promotes judicial efficiency by requiring that all related claims be brought together or forfeited).

This Court's Opinion and Order dismissing Plaintiff's First Amended Complaint without leave to amend constitutes a final judgment on the merits. *Ritter v. Florence City Police Dep't*, No. 6:25-cv-01767-MC, 2025 WL 3459699, at *1 (D. Or. Dec. 2, 2025); *see also Save the Bull Trout v. Williams*, 51 F.4th 1101, 1109 (9th Cir. 2022) (emphasizing that a dismissal for failure to state a claim is a judgment on the merits for the purposes of claim preclusion).

Finally, both actions involve the same parties. Though the City of Florence was not a party in the prior action, its interests were adequately represented by the defendants in that case. Mot. Dismiss 6; *see also Harris*, 682 F.3d at 1132 (citing *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008)) (holding that, in limited circumstances, a nonparty may be bound by a judgment when their interests were adequately represented by a party in the original action). Further, Defendant City of Florence, the nonparty in the previous action, asserts the defense of claim preclusion and consents to be bound by the prior judgment.

## **CONCLUSION**

Because Plaintiff's claims are precluded, Defendants' Motion to Dismiss, ECF No. 3, is **GRANTED.** Plaintiff's claims are dismissed with prejudice.

IT IS SO ORDERED.

DATED this 22nd day of December 2025.

                                             _____s/Michael J. Mcshane_____
                                                         Michael McShane
                                                 United States District Judge